**O**

# United States District Court
# Central District of California

FIRPO WYCOFF CARR,

                Plaintiff,

    v.

FEDERAL BUREAU OF
INVESTIGATION et al.,

                Defendants.

Case № 2:23-cv-01813-ODW (MAAx)

**ORDER GRANTING
DEFENDANTS'
MOTION TO DISMISS [14]**

## I.     INTRODUCTION

Plaintiff Firpo Wycoff Carr brings this action against the Federal Bureau of Investigation and the United States Department of Justice for grand theft of personal property, violation of civil rights, and stalking.   (Compl. ¶¶ 61–66, ECF. No. 1.) Defendants now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and Rule 12(b)(6).   (Defs.' Mot. Dismiss ("Motion" or "Mot."), ECF No. 14.)   The Court carefully considered the papers filed in connection with the Motion and deemed the matter appropriate for decision without oral argument.   Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.   For the following reasons, the Court **GRANTS** Defendants' Motion.

## II.      BACKGROUND

Because Defendants base their Rule 12(b)(1) challenge entirely on Carr's allegations without submitting their own evidence, Defendants' jurisdictional challenge is properly characterized as a "facial attack." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).   Accordingly, for the purpose of the Rule 12(b)(1) analysis, the Court "[a]ccept[s] the plaintiff's allegations as true and draw[s] all reasonable inferences in the plaintiff's favor." *Id.* (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).   The Court does the same for the purpose of the Rule 12(b)(6) analysis. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

As alleged in the Complaint, Carr has been under FBI surveillance since January 1989.  (Compl. ¶ 60.)  Since that time, the FBI has terrorized him, stalked him in fast cars with illegally tinted front windshields, used specially modified bright headlights as weapons to cause him temporary blindness, and enlisted its Cyber Ops to gain control of his Facebook and Gmail accounts.  (*Id.*)  Further, the FBI has bugged Carr's cell phones, stolen from his ancient coin collection, and vandalized his office at a storage facility.  (*Id.*)

More recently, on November 26, 2022, Carr was working at a table at a Panera Bread restaurant when he stepped away from his table to obtain takeout from another nearby restaurant.  (*Id.* ¶¶ 6, 8.)  At that point, an FBI agent disguised as a person experiencing homelessness used a skateboard to approach and steal Carr's unattended laptop, tablet, phone, headphones, and satchel.  (*Id.*)  The FBI obtained his passwords from the hard drives of the stolen property and deleted files, pictures, PowerPoint slides, and video presentations from his cloud storage.  (*Id.* ¶ 24.)

On March 10, 2023, Carr filed his Complaint, setting forth causes of action for (1) larceny and grand theft of personal property pursuant to 10 U.S.C. § 921 and California Penal Code section 487; (2) violation of civil rights and conspiracy against rights pursuant to 18 U.S.C. § 241 and California Penal Code section 182; and (3) stalking pursuant to 18 U.S.C. § 2261A.  (*Id.* ¶¶ 61–66.)  Defendants now move to

dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6). (Mot.) In response, Carr filed a "Response to Order to Show Cause" and a "Response to Motion to Dismiss; Violation of Local Rule 7-3." (Resp. Order Show Cause ("First Opp'n"), ECF No. 24; Resp. Mot. Violation Local Rule 7-3 ("Second Opp'n"), ECF No. 25.) The Court deemed these two documents, taken together, to be Plaintiff's Opposition to Defendant's Motion to Dismiss. (Min. Order Den. Second Req. Enter Default, ECF No. 27.) Defendants replied. (Reply, ECF No. 30.)

### III.      LEGAL STANDARD

As discussed below, the Court grants this Motion on Rule 12(b)(1) grounds without rendering any substantive ruling on Rule 12(b)(6) grounds. The legal standard for challenges brought under Rule 12(b)(1) is as follows.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to Rule 12(b)(1), a party may move to dismiss a case based on a court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Leite*, 749 F.3d at 1121 (internal quotation marks omitted). Conversely, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* The party attempting to invoke the court's jurisdiction bears the burden of establishing jurisdiction. *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment.

1    *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,

2    1031 (9th Cir. 2008).  Leave to amend may be denied when "the court determines that

3    the allegation of other facts consistent with the challenged pleading could not possibly

4    cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

5    1393, 1401 (9th Cir. 1986); *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002,

6    1008 (9th Cir. 2011) ("[Leave to amend] is properly denied . . . if amendment would

7    be futile.").

8                        **IV.    DISCUSSION**

9           Defendants argue that the court lacks subject matter jurisdiction and, in the

10   alternative, that Carr fails to state a claim upon which relief can be granted.  (Mot. 1.)

11   In response, Carr argues that the Court should deny the Motion because Defendants

12   failed to timely meet and confer with Carr as required by Local Rule 7-3.  (*See* Second

13   Opp'n.)  Carr also presents a series of arguments regarding why this case should not

14   be dismissed; it is not clear whether these arguments are raised in opposition to the

15   Rule 12(b)(1) challenge or the Rule 12(b)(6) challenge.  (*See generally* First Opp'n.)

16   **A.    Local Rule 7–3**

17          First, Carr argues the Court should deny the Motion because the parties' meet-

18   and-confer took place "at least 6 days prior," not "at least 7 days prior," to the filing of

19   the motion.  (Second Opp'n 1 (emphasis omitted).)  Central District of California

20   Local Rule 7-3 requires counsel contemplating motion practice to "contact opposing

21   counsel to discuss thoroughly, preferably in person, the substance of the contemplated

22   motion and any potential resolution."  C.D. Cal. L.R. 7-3; *see* C.D. Cal. L.R. 1-3

23   (confirming that the Local Rules apply when either side is unrepresented).  The

24   conference must take place at least seven days before the motion is filed.  *Id.*

25          Here, Carr fails to show that a timely conference did not take place.  The emails

26   he attaches to his Opposition demonstrate that defense counsel first informed Carr of

27   the bases for dismissal as early as April 25, 2023.  (Second Opp'n Ex. 3 ("April 25

28   Defense Email") (discussing bases for dismissal and requesting real-time conference);

Ex. 2 ("April 28 Defense Email") (confirming May 4 conference).)[1,2]  To the extent Carr argues that the real-time conference was not timely, Carr fails to provide sufficient evidence for the Court to make this finding.  Carr asks the Court to infer from emails whose purpose was to plan and confirm a meeting that a meeting indeed took place on a particular late date.  Carr does not submit a declaration confirming that a meeting took place on any particular date, and Defendants do not concede the point. (*See* Reply 2.)  Carr's evidence is insufficient.

Moreover, and in any case, to the extent the conference took place six days before Defendants filed the Motion instead of seven, the Court waives the irregularity and proceeds to consider the Motion.  C.D. Cal. L.R. 7-4 (providing courts with discretion in determining whether to decline to consider a motion for violating Local Rule 7-3).

**B.    Subject Matter Jurisdiction**

Defendants argue that Carr's allegations do not provide the Court with subject matter jurisdiction over the case.  (Mot. 2–4.)  For the following reasons, the Court agrees and dismisses the Complaint on this basis alone.

Here, Plaintiff alleges subject matter jurisdiction under 28 U.S.C. § 1331, (Compl. ¶ 1), which gives federal courts subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331.  However, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *see also Nietzke v. Williams*, 490 U.S. 319, 327 n.6 (1989).  In other words, courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by

[1] The Exhibits attached to the Second Opposition are out of order; the Court uses the Exhibit numbers according to the page labels preceding each Exhibit in the filing itself.
[2] All Exhibits to the Second Opposition are found at ECF No. 25.

1    prior decisions . . . or otherwise completely devoid of merit as not to involve a federal

2    controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting

3    *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)); *see also*

4    *Patel v. Patel*, 473 F. App'x 589, 590 (9th Cir. 2012).

5          Here, Carr's claims are so implausible and devoid of merit that they do not

6    involve a federal controversy.  Fundamentally, Carr claims that the FBI stole his

7    property at a Panera Bread restaurant.  (Compl. ¶¶ 6, 10.)  The specific factual

8    allegation supporting this claim is that Carr stepped away from his belongings and a

9    "[w]hite male on a skateboard" stole those belongings.  (*Id.* ¶ 8.)  To state any claim

10   against Defendants arising from this series of events, Carr must plausibly connect the

11   theft to the FBI.  But Carr's allegations connecting the theft to the FBI are speculative,

12   implausible, and otherwise not well-pleaded.

13         As one example, Carr alleges that Sonya, the Panera Bread manager,

14   collaborated with the FBI to call away a server Carr asked to keep an eye on his

15   property while he stepped away.  (*Id.* ¶¶ 9, 11.)  Moreover, Carr alleges Sonya had the

16   "backing" of the FBI when she refused to provide a Los Angeles County Sheriff

17   deputy with the relevant surveillance footage.  (*Id.* ¶ 11.)  Carr alleges Sonya's

18   "cavalier, smug, insensitive, and defiant" attitude toward Carr supports this

19   conclusion.  (*Id.*)  These allegations, the premises on which they are based, and the

20   inferences Carr draws from them regarding FBI involvement, are entirely implausible

21   and devoid of merit.

22         As another example, Carr cites an email exchange between himself and a

23   surgeon named Dr. Nakayama, in which he believes that someone spoofed or took

24   over Dr. Nakayama's email.  (*Id.* ¶¶ 18–19.)  Carr alleges that Dr. Nakayama's email

25   signature included a "photoshopped" or "deep fake" photo attempting to "paint

26   Dr. Nakayama as a Communist Chinese military official" and thus implicate Carr by

27   association.   (*Id.*)   Carr then concludes that the alterations to Dr. Nakayama's

28   photograph must be the work of the FBI because a "random homeless man" would not

be capable of such a "sophisticated stratagem." (*Id.* ¶ 19.)  Again, the inferences Carr draws regarding the connection between these facts and the FBI are wholly untenable, speculative, and without merit.  The Court also notes that, other than the fact that this series of events took place a few weeks after the Panera incident, the connection between the Nakayama email incident and the Panera incident is entirely unclear.

As a third example, Carr describes an experience in which two purported FBI agents approached him at a gas station to ask for gas money.  (*Id.* ¶ 37.)  The only thing about the encounter suggesting that the two individuals were related to the FBI is the fact that, as a thank-you, they offered him jewelry for his "wife or girlfriend." (*Id.*)  Carr speculates that only FBI agents would have known he had a wife or girlfriend, and that he was not, for example, gay.  (*Id.*)  The alleged connection to the FBI is illogical, untenable, and wholly without merit.

Other purported connections to the FBI are based on everyday occurrences with natural, obvious explanations.  (*See, e.g.*, Compl. ¶ 56 (attributing encounters with cars with high-beam lights and tinted windows to the FBI); ¶ 48 (blaming local law enforcement inaction on a conspiracy "inspired" by the FBI).)  In all, Carr relies on a combination of implausible inferences, logical fallacies, and speculation to fashion a connection between the events he experienced and the FBI.  Carr's allegations fail to establish a minimally plausible connection between the Panera incident and the FBI.

In light of the lack of this connection, Carr's claims are so devoid of merit as to be wholly unsubstantial.  As a result, the Court lacks subject matter jurisdiction over Carr's claims and dismisses the Complaint.  *See, e.g.*, *Klemm v. Astrue*, 543 F.3d 1139, 1145 (9th Cir. 2008) (finding the court did not have subject matter jurisdiction when a complaint's allegations were "completely unsupported by facts" and thus "wholly insubstantial").

Although the Court doubts that amendment would cure the foregoing issues, federal courts, as a matter of policy, favor granting leave to amend "with extreme liberality."  *See Ante v. Office Depot Bus. Servs.*, 641 F. Supp 2d 906, 908 (N.D. Cal.

June 15, 2009) ("In the absence of . . . undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc.—the leave sought should . . . be freely given." (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).   Thus, out of an abundance of caution, the Court grants Carr leave to file an amended complaint to cure the deficiencies discussed herein.[3]

///
///
///
///
///
///
///
///
///
////
///
///

---

[3] For Carr's benefit, the Court notes that, even if Carr can surmount the jurisdictional hurdles described herein, it appears his Complaint has defects that would provide additional grounds for dismissal pursuant to Rule 12(b)(6).  In particular, and without making a substantive finding on the issue, it appears that none of the federal or California statutes Carr cites as the basis for his causes of action provides a private right of action.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §241); *Sparks v. Disney*, No. 2:20-cv-06556-JWH (JEMx), 2021 WL 8693517, at *2 (C.D. Cal. Jan. 11, 2021) (18 U.S.C. § 2261A); *Adams v. Speedy Recovery Inc.*, No. 2:23-cv-00251-GMN-BNW, 2023 WL 3182666, at *2 (D. Nev. Apr. 28, 2023) (10 U.S.C. § 921); *Biro v. Keyes*, No. 2:21-cv-06835-JGB (MAAx), 2022 WL 2102898, at *19 (C.D. Cal. Feb. 23, 2022) (Cal. Penal Code § 182); *Deville v. Specialized Loan Servicing, LLC*, No. 2:20-cv-05576-JGB (Ex), 2020 WL 13267725, at *4 (C.D. Cal Sep. 9, 2020) (Cal. Penal Code § 487).   If Carr bases his amended claims on statutes for which there is no private right of action, those claims will be subject to dismissal with prejudice under Rule 12(b)(6).  *See Biro*, 2022 WL 2102898, at *22 (dismissing California Penal Code claims with prejudice where alleged statutes provided no private right of action).

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion. (ECF No. 14).  The Court **DISMISSES** Carr's Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and **GRANTS** Carr **LEAVE TO AMEND**.  Any amended complaint must be filed no later than **August 28, 2023**.  Should Carr fail to amend his complaint by this date, the dismissal herein shall convert to a dismissal with prejudice.

**IT IS SO ORDERED.**

July 27, 2023

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE